IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LASHAWN POOLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO. 24-390-KD-MU |
| ) | |
| WAL-MART STORES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

### REPORT & RECOMMENDATION

Plaintiff Lashawn Poole filed this action on October 18, 2024, while imprisoned at Easterling Correctional Facility. (Doc. 1). Poole, who is proceeding without an attorney, appears to assert claims of personal injury caused by the negligence, failure to train, excessive force, and/or assault by employees of a Wal-Mart store on April 22, 2005, before his incarceration. (*Id.*). This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b). After review of Poole's complaint, it is **RECOMMENDED** that this action be **DISMISSED without prejudice**, for lack of subject matter jurisdiction.

### I. Legal Standard

Along with his complaint, Plaintiff filed a motion to proceed without prepayment of fees (Doc. 2), which was granted, but his complaint was ordered to be held until it could be screened under 28 U.S.C. § 1915(e)(2)(B). (*See* Doc. 4). A plaintiff proceeding *in forma pauperis* submits his complaint for screening under § 1915(e)(2)(B) to determine if the complaint should be dismissed because it is frivolous or malicious, fails to state a

claim upon which relief can be granted, or seeks monetary relief against a person immune from such relief. *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir.2002) (affirming the application of 28 U.S.C. § 1915(e)(2)(B) to non-prisoner actions). In screening this action, the Court questioned whether it had subject matter jurisdiction over Plaintiff's action, and after reviewing the complaint, the Court finds that it lacks subject matter jurisdiction.

The Court's first consideration is to inquire into its jurisdiction, *United States v. Denedo*, 556 U.S. 904, 909 (2009), as its jurisdiction is limited by the Constitution or Congress to hear only certain actions. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir.2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction is lacking. *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir.1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir.2000).

## II. **Plaintiff's Allegations**

In his complaint, Poole alleges that on April 22, 2005, while shopping at a Wal-Mart located in Mobile, Alabama, two security officers, Meade and Payne, followed him into the Wal-Mart parking lot upon the belief that he stole items from the store. (Doc. 1, PageID.2). Without identifying themselves as Wal-Mart security officers, Meade and

Payne attempted to seize Poole. (*Id.*). Poole fought back in self-defense. (*Id.*). Poole claims Meade and Payne's behavior caused him to suffer back and neck injuries. (*Id.*). Poole is suing Meade and Payne for their actions and Wal-Mart for failing to properly train its security officers. (*Id.*). Poole seeks monetary relief from the defendants. (*Id.*).

Regarding jurisdiction, Poole states only that the action is brought "[p]ursuant to Title 28 Section 1332 [Diversity of Citizen]." (Doc. 1, PageID.1). Poole states his address as "200 Wallace Drive; Clio, AL," which is the address for Easterling Correctional Facility. (*Id.*). Regarding the defendants, Poole does not make any allegations regarding their citizenship. He states that "Wal-Mart Stores Inc., is the owner and policy maker of all retail sale stores located within Mobile, Alabama…and itself located at…Bentonville, AR." (*Id.*). As for the defendant employees, Meade and Payne, Poole simply states that they are employees of the Wal-Mart in Mobile, Alabama located at 101 Beltline Highway. (Doc. 1, PageID.1-2).

### III. <u>Diversity Jurisdiction</u>

When Congress enacted 28 U.S.C. § 1332, it granted the federal district court "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States...." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction is destroyed by the presence of even one non-diverse defendant. *Wisconsin Dept. of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998). To invoke a federal court's diversity jurisdiction, a plaintiff must establish that the parties are citizens of different states and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005); *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).

Here, based on the limited information provided by Poole in his complaint, it appears that he is a citizen of Alabama due to his status as an inmate in an Alabama correctional facility, and in all likelihood the defendants, Meade and Payne, who are alleged to have worked at the Mobile, Alabama Wal-Mart, are also citizens of Alabama. Plaintiff has not established that he is diverse from all of the named defendants in this action. Accordingly, the Court finds that it does not have diversity jurisdiction over Plaintiff's action.

### IV. Conclusion

Based on the foregoing, it is **RECOMMENDED** that Poole's complaint be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this the **9th** day of **December**, **2024**.

                                                  **/s/ P. BRADLEY MURRAY**
                                                **UNITED STATES MAGISTRATE JUDGE**